UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ASHKAN MIRFAKHR RAJAEE and NASSIM RAJAEE,<br>Debtors. | Case No.: 26-cv-3061-RSH-BJW<br>Bankruptcy No.: 24-00617-CL7 |
| ASHKAN RAJAEE,<br>Appellant,<br>v.<br>CHRISTOPHER R. BARCLAY, Chapter 7 Trustee, TYLER DAVIS, and TOPDEVZ, LCC,<br>Appellees. | **ORDER DISMISSING APPEAL**<br>[ECF No. 4] |

Debtor-Appellant Ashkan Rajaee appeals from an April 22, 2026 order of the U.S. Bankruptcy Court for the Southern District of California (the "Bankruptcy Court") denying Rajaee's motion requesting an evidentiary hearing and seeking to cross-examine the Chapter 7 Trustee, certain creditors, and their attorneys, in connection with three motions that were pending before the Bankruptcy Court. ECF No. 1. The underlying case is *In re Ashkan Rajaee & Nassim Rajaee*, No. 3:24-bk-00617-CL7 (S.D. Cal. Bankr.) (the "Bankruptcy Case"); *see also* Bankruptcy Case, Dkt. No. 921 (Apr. 22, 2026 Order on Debtor Ashkan Rajaee's Motion for Reconsideration of Order on Trustee's Notice of

Proposed Abandonment of Property). There are two sets of appellees: Chapter 7 Trustee Christopher R. Barclay (the "Trustee") on one hand, and Tyler Davis and TopDevz, LLC ("TopDevz") on the other. The merits of the appeal have been fully briefed. *See* ECF Nos. 10-16.

The following order also addresses Rajaee's motion to invalidate the Appellees' election to proceed in district court. ECF No. 4.

**I. BACKGROUND**

This is one of over twenty bankruptcy appeals that Mr. or Ms. Rajaee have taken from the same Bankruptcy Case, including:

(1) No. 25-cv-667-RSH-KSC (notice of appeal filed on Mar. 20, 2025; affirmed on Oct. 31, 2025)

(2) No. 25-cv-777-BJC-JLB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 16, 2025)

(3) No. 25-cv-778-BEN-DEB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 4, 2025)

(4) No. 25-cv-2850-RSH-JLB (notice of appeal filed on Sept. 24, 2025; affirmed on Apr. 23, 2026)

(5) No. 25-cv-3480-RSH-GC (notice of appeal filed on Oct. 30, 2025; dismissed on May 21, 2026)

(6) No. 25-cv-3260-RSH-GC (notice of appeal filed on Nov. 13, 2025; dismissed on Apr. 23, 2026)

(7) No. 25-cv-3506-RSH-GC (notice of appeal filed Nov. 21, 2025; dismissed on Apr. 23, 2026)

(8) No. 25-cv-3530-RSH-GC (notice of appeal filed Nov. 26, 2025; dismissed on Apr. 23, 2026)

(9) No. 26-cv-76-RSH-GC (notice of appeal filed Dec. 23, 2025; dismissed on Apr. 23, 2026)

(10) No. 26-cv-937-RSH-GC (notice of appeal filed Feb. 3, 2026; affirmed on July 17, 2026)

(11) No. 26-cv-2968-RSH-GC (notice of appeal filed Apr. 13, 2026; dismissed on Aug. 20, 2026)

(12) No. 26-cv-2969-RSH-JLB (notice of appeal filed Apr. 13, 2026; dismissed on Aug. 20, 2026)

(13) No. 26-cv-3058-RSH-GC (notice of appeal filed May 6, 2026; dismissed on Sept. 9, 2026)

(14) No. 26-cv-3060-RSH-GC (notice of appeal filed May 6, 2026; dismissed on Aug. 26, 2026)

(15) No. 26-cv-3061-RSH-BJW (notice of appeal filed on May 6, 2026; pending)

(16) No. 26-cv-3065-RSH-GC (notice of appeal filed May 6, 2026; pending)

(17) No. 26-cv-3162-RSH-AHG (notice of appeal filed May 6, 2026; dismissed on Aug. 26, 2026)

(18) No. 26-cv-3165-RSH-AHG (notice of appeal filed May 6, 2026; dismissed on Sept. 2, 2026)

(19) No. 26-cv-3166-RSH-GC (notice of appeal filed May 6, 2026; dismissed on Sept. 9, 2026)

(20) No. 26-cv-3170-RSH-DDL (notice of appeal filed May 6, 2026; pending)

(21) No. 26-cv-3809-RSH-GC (notice of appeal filed May 13, 2026; dismissed on Aug. 18, 2026)

(22) No. 26-cv-4863-RSH-GC (notice of appeal filed July 24, 2026, dismissed on Oct. 5, 2026)

(23) No. 26-cv-4936-RSH-GC (notice of appeal filed Aug. 11, 2026, pending)

(24) No. 26-cv-5424-RSH-GC (notice of appeal filed Sept. 1, 2026, pending)

To date, none of these appeals has been successful.

Many of the foregoing proceedings involve duplicate appeals, in which Mr. and Ms. Rajaee each filed, on the same day, identical notices of appeal from the same Bankruptcy

Court order. The instant appeal by Ashkan Rajaee is thus taken from the same Bankruptcy Court order as Nassim Rajaee's appeal in Case No. 26-cv-3160. *Compare* ECF No. 1 *with* Case No. 26-cv-3060, ECF No. 1 (separately appealing the same order).

## II. JURISDICTION

A party may appeal as of right from "final judgments, orders, and decrees" entered by bankruptcy courts "in cases and proceedings." *See* 28 U.S.C. § 158(a)(1). "By providing for appeals from final decisions in bankruptcy 'proceedings,' as distinguished from bankruptcy 'cases,' Congress made 'orders in bankruptcy cases . . . immediately appeal[able] if they finally dispose of discrete disputes within the larger [bankruptcy] case.'" *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 39 (2020) (alterations in original) (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)). This is because "[a] bankruptcy case encompasses numerous 'individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor.'" *Id.* at 38 (quoting *Bullard*, 575 U.S. at 501).

In assessing whether an order is "final" for purposes of appealability, the Ninth Circuit applies "a pragmatic approach." *In re Perl*, 811 F.3d 1120, 1125 (9th Cir. 2016). "A bankruptcy court order is considered final 'where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed.'" *In re SK Foods, L.P.*, 676 F.3d 798, 802 (9th Cir. 2012) (quoting *In re AFI Holding*, 530 F.3d 832, 836 (9th Cir. 2008)); *see also In re Marino*, 949 F.3d 483, 487 (9th Cir. 2020) ("An order in a bankruptcy proceeding is final and thus appealable if it alters the status quo and fixes the rights and obligations of the parties or alters the legal relationships among the parties.") (citation modified).

If a bankruptcy court's order is interlocutory rather than final, district courts have limited discretionary appellate jurisdiction. *See* 28 U.S.C. § 158(a)(2), (3); Fed. R. Bankr. P. 8004. "[T]he Ninth Circuit has explained that courts should not grant leave to appeal from an interlocutory order of a bankruptcy judge unless the following requirements are met: '(1) that there be a controlling question of law, (2) that there be substantial grounds

for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation.'" *In re Thinkfilm, LLC*, No. 12-9795, 2013 WL 654010, at *1 (C.D. Cal. Feb. 21, 2013) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)); *see also Vistam, Inc. v. Flahaut*, No. 2:24-cv-4460-SSS, 2024 WL 5480346, at *2 (C.D. Cal. Dec. 5, 2024) (quoting *In re Thinkfilm*, 2013 WL 654010, at *1). "While district courts have discretionary authority to hear interlocutory appeals, review of interlocutory orders is generally disfavored." *In re Thinkfilm, LLC*, 2013 WL 654010, at *1.

In their two respective merits briefs, the Trustee, and Davis and TopDevz, argue that this Court lacks appellate jurisdiction because the order being appealed is not final, and no grounds to hear an interlocutory appeal exist. *See* ECF No. 13 (Appellee Trustee's Resp. Br.), at 7–10; ECF No. 14 (Appellees Davis and TopDevz's Resp. Br.), at 10–12. Rajaee's respective reply briefs do not address these arguments, but contend that "[i]f this Court determines that it has lawful appellate jurisdiction over this appeal, ECF 921 must be vacated." *See* ECF No. 15, at 20; ECF No. 16 at 21. Rajaee also "maintains that the District Court has not acquired lawful appellate jurisdiction over this appeal." *See* ECF No. 15 at 5; ECF No. 16 at 5.

The Court agrees with Appellees that it lacks appellate jurisdiction here. The Bankruptcy Court order at issue, denying Rajaee's request for an evidentiary hearing and for cross examination in connection with other motions that have been resolved, did not "resolve[] and seriously affect[] substantive rights," *see In re SK Foods, L.P.*, 676 F.3d at 802, but rather dealt solely with the manner in which the Bankruptcy Court conducted the hearing on the other motions. Nor are any of the grounds that would justify an interlocutory appeal present. This appeal is therefore subject to dismissal.

## III. MOTION TO DETERMINE INVALIDITY OF ELECTION

On May 27, 2026, Rajaee filed a filed a motion for an order determining that the appellees' election to proceed with this appeal in district court is invalid, and transferring this appeal to the U.S. Bankruptcy Appellate Panel ("BAP") for the Ninth Circuit. ECF

No. 4, at 19. This motion is meritless, and the Court has denied this same motion numerous times in other bankruptcy appeals filed by Rajaee and his wife. There is no dispute that a party to a bankruptcy appeal may timely elect to have an appeal heard by the district court rather than a BAP. *See* Fed. R. Bankr. P. 8005(a). Mr. Rajaee does not contest that Davis and TopDevz, who are clearly parties to this appeal, timely made such an election. Rajaee's argument is that the election is somehow ineffective because of errors in what Rajaee calls the "root San Diego judgment," ECF No. 4 at 8, a San Diego Superior Court judgment resolving a business dispute between Rajaee and Davis/TopDevz. Rajaee provides no authority establishing that he may now use a Fed. R. Bankr. P. 8005(c) motion, challenging the validity of an election, to collaterally attack or otherwise revisit that state-court ruling.

## IV. CONCLUSION

The appeal is **DISMISSED**.

Rajaee's motion to determine validity of election [ECF No. 4] is **DENIED**.[1]

The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: October 7, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge

---

[1] The Court takes due notice of the records submitted by Rajaee in connection with his reply in support of his motion. *See* ECF No. 6.